ON MOTION TO DISMISS APPEAL
HOOD, Judge.
This case is before us on a motion to dismiss an appeal taken by Raymond Vaughan, one of the plaintiffs.
The suit was instituted by. United States Fidelity & Guaranty Company and Vaughan against Aetna Casualty & Surety Company and Don Ater, d/b/a Ater’s Chevrolet Company. It was tried on the merits, and judgment was rendered by the trial court in favor of defendants, rejecting plaintiffs’ demands and dismissing the suit.
After the judgment was signed by the trial judge, plaintiff Vaughan filed a number of pleadings in the district court, two of which were petitions submitted at different times, seeking devolutive appeals from the judgment of the trial court. In response to those petitions two separate orders were issued by the trial judge, at different times, each such order purporting to grant a devolutive appeal to that plaintiff. The record has never been lodged in this court.
The defendants, Aetna and Ater, have filed in this court a motion to dismiss the appeal taken by Vaughan, and that motion is before us now.
The judgment of the trial court was signed on September 10, 1971. Notices of that judgment were mailed to counsel for all parties three days later, on September 13.
On December 9, 1971, plaintiff Vaughan obtained an order granting him a devolu-tive appeal in forma pauperis, returnable on February 10, 1972. The petition and order were defective in two particulars: (a) The appeal was made returnable to the Court of Appeal, Second Circuit, whereas the documents attached’ to the motion indicate that the case properly should have been appealed to our court; and (b) both of the affidavits of poverty which were attached to the petition for appeal were signed by plaintiff Vaughan instead of by third parties. The court nevertheless ordered that the appeal be granted and made returnable to the Second Circuit Court of Appeal, without the payment of costs or the furnishing of security.
On January 25, 1972, Vaughan obtained an order extending the return date 45 days, -on the grounds that the “Court Reporter has, of this date, been unable to complete the transcript of the trial of this case ...” According to our computa *798 tions the return date was extended to about March 26, 1972.
On March 24, 1972, Vaughan filed another petition for appeal, but in that petition he prayed for a devolutive appeal, “subject to the furnishing of security in an amount to be set by the Court.” In response to that pleading, an order was signed by the trial court on March 24, 1972, granting a devolutive appeal, returnable to the Court of Appeal, Third Circuit, on April 10, 1972, and fixing the appeal bond at $750.00. The order did not purport to extend the return date of the appeal which previously had been taken to the Second Circuit.
On April 18, 1972, defendants-appellees filed a motion in the district court to dismiss Vaughan’s original appeal on the ground that it was not accompanied by proper affidavits of poverty, and also because the appeal erroneously had been taken to the Second Circuit Court of Appeal. A rule was issued by the trial court directing plaintiff to show cause on June 9 why the appeal should not be dismissed.
On May 3, 1972, plaintiff Vaughan filed a motion alleging, among other things, that under LSA-C.C.P. art. 2124 he had the right to pursue his original appeal (taken on December 10, 1971) without payment of costs, and that “the Clerk of Court of Concordia Parish has consented to prepare the transcript in this matter without payment of costs.” Pursuant to that motion, an order was signed by the trial court ordering the Clerk of Court to prepare the transcript for appeal, and fixing the return date “10 days from the date plaintiff’s undersigned attorney receives the transcript from the Clerk of Court.” The order does not authorize plaintiff to appeal without paying the costs or furnishing security, and it does not direct the clerk to prepare the transcript without the payment of costs.
On May 9, 1972, the defendants formally withdrew the motion filed April 18, 1972, to dismiss the appeal, and an order was signed by the trial judge permitting them to do- so. In the motion to withdraw, defendants alleged that it was uncertain whether the district court still had jurisdiction to consider and decide the motion to dismiss the appeal, and that defendants would refile their motion to dismiss the appeal after the record had been lodged in the Court of Appeal.
On May 23, 1972, plaintiff Vaughan filed three affidavits, two of which were signed by third persons, to the effect that plaintiff was unable to pursue an appeal because of his financial means. An order was signed by the trial court ordering that the oaths be filed as a part of the record and substituted for the original oaths which had been incorrectly signed by Vaughan.
On October 27, 1972, judgment was rendered by the trial court decreeing that the Clerk of Court “is under no obligation to prepare the transcript in this matter until the costs of such preparation is paid in advance.” Ijhe preamble to the judgment recites that a motion had been filed to compel the clerk to prepare the transcript without payment of costs, and that after a hearing held on September 22, 1972, the court determined that the clerk was under no obligation to prepare such a record without payment.
On December 21, 1973, which was more than one year after the last action taken in this suit, a motion was filed in our court by defendants, Aetna and Ater, praying that the appeal Vaughan be dismissed. No pleadings were filed and nothing transpired in this case from October 27, 1972, until December 21, 1973. The plaintiff-appellant, Vaughan, has filed no pleadings and has made no appearance in this matter since October 27, 1972. He has made no appearance in opposition to the present motion to dismiss the appeal.
Under the above mentioned facts, we think the appeal taken by Vaughan to this court was untimely, and that the motion filed by defendants to dismiss that appeal must be granted.
*799 The only appeal which has been taken to the Court of Appeal, Third Circuit, was the one granted on March 24, 1972, and made returnable on April 10, 1972. The judgment appealed from was signed by the trial judge on September 10, 1971, and notice of the signing of that judgment was mailed to counsel of record on September 13, 1971. No one applied for a new trial, and the delay allowed for appealing from that judgment expired on or about December IS, 1971. Plaintiffs petition to appeal to this court was not filed until March 24, 1972, which was several months after the time allowed for appealing devolutively had elapsed. The attempt to appeal to this court on the last mentioned date came too late, therefore, even if we assume that the trial court had not divested itself of jurisdiction prior to March 24, 1972.
We have considered the fact that plaintiff Vaughan was granted a devolu-tive appeal, in forma pauperis, to the Court of Appeal, Second Circuit, on December 9, 1971. The law provides that in cases where no appeal bond is required the jurisdiction of the trial court shall be divested, and that of the appellate court shall attach, upon the granting of the order of appeal. LSA-C.C.P. art. 2088. If the trial court divested itself of jurisdiction on December 9, 1971, then it follows that that court had no authority to grant another appeal a few months later. If the trial court did not divest itself of jurisdiction by the order of December 9, 1971, then the new motion for a devolutive appeal filed on March 24, 1972, was submitted too late. In either event, therefore, the appeal taken to this court in March, 1972, must be dismissed.
Although plaintiff Vaughan has presented no arguments in opposition to the pending motion to dismiss the appeal, we have considered the question of whether the appeal taken by him on December 9, 1971, had the effect of vesting jurisdiction in this court, thus enabling us to rule on the validity of that appeal. We have 'concluded that it did not.
The appeal taken by Vaughan at that time was made returnable to the Second Circuit Court of Appeal. There was no suggestion in the petition or order for appeal, or in any other pleading, that the parties or the court intended for the appeal to be taken to any other appellate court.
The order obtained by plaintiff on January 25, 1972, extending the return date of that appeal contains no allegation or inference that the parties or the court intended that the original appeal was to be returnable to any court other than the Second Circuit Court of Appeal.
In the motion filed by plaintiff in the trial court on May 3, 1972, it is alleged that on March 10, 1972, the trial court granted an additional extension of time “to allow for appeal, giving the new date to be May 8th, and that plaintiff now has until May 8th to file his appeal.” Neither the trial court nor any appellate court, of course, had - authority to extend the delays allowed by law for taking an appeal, and such an extension of time thus could not have had the legal effect contended by plaintiff. We note, also, that there is nothing in the pleading filed on May 3, 1972, or in any other pleading, which indicates that the first appeal, taken in December, 1971, was intended by anyone to be to any court other than the Second Circuit Court of Appeal.
The pleadings do not show whether the record has ever been lodged with the Second Circuit Court of Appeal. We assume that it has not. But, whether it has or has not been lodged in that court is immaterial to the issues presented here. We know that the Second Circuit Court has never transferred the appeal of this case to our court pursuant to LSA-C.C.P. art. 2162, and that no appeal has been taken timely to this court. There thus is no valid appeal of this case before us.
Our conclusion is that the appeal which was taken to this court in March, 1972, was untimely, and that it must be dismissed. *800 We express no views as to the effectiveness or validity of the December 9, 1971, in forma pauperis, appeal taken to the Court of Appeal, Second Circuit.
For these reasons the motion to dismiss the appeal taken by plaintiff Raymond Vaughan is granted, and the appeal is ordered dismissed at plaintiff Vaughan’s costs.
Motion granted.