ON MOTION TO DISMISS THE APPEAL
HOOD, Judge.
This case is before us for the second time on a motion filed by defendants, The Aetna Casualty & Surety Company and Don Ater, d/b/a Ater Chevrolet Company, to dismiss an appeal taken by Raymond Vaughan, one of the plaintiffs, from a judgment rendered by the trial court on September 10, 1971.
On December 9, 1971, Vaughan obtained an order granting him a devolutive appeal returnable to the Court of Appeal, Second Circuit. On March 24, 1972, Vaughan obtained another order from the trial court granting him a devolutive appeal to the Court of Appeal, Third Circuit.
On December 21, 1973, the defendants-appellees filed a motion in this court pray *133 ing that the appeal taken by Vaughan be dismissed. We granted that motion insofar as it applied to the appeal which had been taken to this court, and we rendered judgment formally dismissing the appeal taken on March 24, 1972, to the Court of Appeal, Third Circuit. See United States Fidelity & Guaranty Company v. Aetna Casualty & Surety Company, 290 So.2d 796 (La.App., 3 Cir. 1974).
We noted in that judgment that the earlier appeal taken to the Second Circuit Court of Appeal had never been transferred to us, and we concluded that this court did not have jurisdiction or authority to dismiss the appeal taken on December 9, 1971, to the Second Circuit. We expressed no views in that judgment as to the effectiveness or validity of the appeal which Vaughan took to the Second Circuit Court of Appeal.
After we dismissed the appeal which had been taken to this court, the defendants-ap-pellees filed a motion in the Court of Appeal, Second Circuit, to dismiss the appeal which had been taken to that court, alleging as grounds therefor that the appeal had not been timely perfected. Judgment then was rendered by the Court of Appeal, Second Circuit, transferring the appeal to this court, and directing that a copy of that order, the motion to dismiss and the attachments thereto be transmitted to us. See United States Fidelity & Guaranty Company v. Aetna Casualty & Surety Company, 293 So.2d 197 (La.App., 2 Cir. 1974). The Motion to Dismiss the Appeal which was filed in the Court of Appeal, Second Circuit, thus is now before us for determination.
LSA-C.C.P. art. 561 provides that “An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.” Substantially, the same provision is contained in LSA-C.C.P. art. 2165.
Rule VII, Section 5(a) of the Uniform Rules, Courts of Appeal, provides that the court may, ex proprio motu, consider as abandoned and dismiss any appeal now or hereafter pending in which one year has elapsed without any steps having been taken in the prosecution thereof, in accordance with the provisions of Articles 561 and 2165 of the Code of Civil Procedure.
The record indicates that the appellant, Raymond Vaughan, had allowed more than one year to elapse without taking any steps in the prosecution or disposition of the appeal taken in this case. We thereupon issued an order directing the Clerk of this court to give notice to the litigants and attorneys interested in the case, pursuant to LSA-C.C.P. arts. 561 and 2165 and Rule VII, Section 5(a) of the Uniform Rules, Courts of Appeal, that the appeal taken by said appellant in this suit to the Court of Appeal, Second Circuit, on or about December 9, 1971, and thereafter transferred by that court to the Court of Appeal, Third Circuit, would be dismissed unless good and sufficient cause to the contrary was shown in writing, filed with the Clerk of this court, on or before a specified date more than 30 days after that notice was issued.
The Clerk of this court thereupon issued such a notice, and directed it by ordinary mail to the litigants and attorneys interested in the case that the appeal taken to the Court of Appeal, Second Circuit, and thereafter transferred to this court, would be dismissed unless good and sufficient cause to the contrary be shown in writing, filed with the clerk, on or before the time specified in that order. Copies of the order which we issued and of the notice issued by the Clerk were posted on bulletin boards in the office of the Clerk of this court and in the office of the Clerk of the trial court.
No pleadings have been filed by or in behalf of the plaintiff-appellant, and no appearance has been made in his behalf, in response to the above mentioned order and notice.
In view of the above mentioned statutory provisions, and the failure of the plain *134 tiff-appellant to show cause why the appeal should not be dismissed, we have decided that the appeal must he considered as having been abandoned and dismissed.
For the reasons assigned, the appeal taken by plaintiff, Raymond Vaughan, to the Court of Appeal, Second Circuit, on or about December 9, 1971, and thereafter transferred by that court to the Court of Appeal, Third Circuit, be and it is hereby dismissed. All costs incurred in connection with that appeal or the transfer of it to this court are assessed to plaintiff-appellant.
Appeal dismissed.