440 So.2d 872 (1983)
STATE of Louisiana, Appellee,
v.
David HENRY, Appellant.
No. 15638-KW.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
Rehearing Denied November 10, 1983.
*873 Donald R. Minor, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
Defendant was arrested and charged with the crime of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2. Thereafter, a motion to suppress certain evidence seized at the time of the defendant's arrest was granted by the trial court, and the State applied for supervisory writs. We granted the writ to review the propriety of the trial court's ruling. Finding that the court erroneously granted the motion to suppress, we reverse and remand for further proceedings.
On January 24, 1983, a simple burglary of a residence located at 817 Elder in Shreveport was committed. Taken from the residence were several items, including a stereo system. On January 25, 1983, the police were contacted by the inhabitants of the burglarized residence and informed that a black male had been seen unloading a stereo unit believed to be the one taken in connection with the burglary from an automobile and placing it in a residence located at 1952 Milam. The Milam residence is located to the rear of the Elder residence. Three officers were dispatched to the scene to investigate the report. When they arrived at the Elder residence, the officers questioned the complainants and proceeded to the Milam address. Two of the officers went to the front door and one went to the rear door of the residence. The officers knocked on the front door and received no response. The officer at the rear knocked on that door and the force of the knocking caused it to open. At least one officer and possibly all three officers then entered the residence through the rear door after which they observed a stereo system with two speakers in the bedroom on the bed.
Thereafter, the owner of the residence, Annie Murray, arrived accompanied by the defendant. When questioned about the presence of the stereo in the residence, she replied that she had no knowledge of its being there and in fact it had not been there when she left for work that morning. She invited the officers to look within the residence. However, one of the officers called an investigator to come to the scene. When the investigator arrived, he asked the owner of the residence to sign a consent to search form which she executed. Thereafter, the residence was searched and the items sought to be suppressed, namely, one stereo turntable and two speakers, were seized.
The only evidence presented at the hearing on the motion to suppress was the testimony of three of the officers and the consent to search form. After considering all of the evidence, the trial court found that the initial entry into the house constituted an illegal search which could not be cured *874 by the subsequently obtained consent to search.
We agree with the trial court's finding that the original warrantless entry into the house and the resulting search were illegal. At the time of the initial entry, there were no circumstances which justified entry without a warrant. Thus, the question becomes whether or not the consent obtained from the owner of the residence will rehabilitate the prior warrantless search. Our review of the jurisprudence compels us to answer affirmatively and to hold that the subsequent consent served to waive the warrant requirement for the search previously conducted thereby purging the initial search of the primary taint. State v. Kimble, 375 So.2d 924 (La.1979); State v. Williams, 353 So.2d 1299 (La.1977). Compare State v. Bennett, 383 So.2d 1236 (La.1979).
It is well settled that a warrantless search conducted pursuant to a valid consent is permitted by the Louisiana and United States Constitutions. State v. Bodley, 394 So.2d 584 (La.1981). A consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Bodley, supra. In the instant case, it is undisputed that the consent to search the premises was given by the owner of the residence and that the consent was free and voluntary. Thus, all of the requisites to a valid consent are present. Under the circumstances presented by this case, the consent was not only to future searches and seizures but also amounts to a waiver of the warrant requirement with respect to the search previously conducted. See State v. Williams, supra.
Furthermore, the defendant did not actually reside at the residence which was searched but only stayed there occasionally with the owner, his girlfriend. Therefore, the defendant had no right to an expectation of privacy in the house of his girlfriend. The owner was the party entitled to that right, and she voluntarily waived it in favor of the police. State v. Kimble, supra.
Accordingly, the judgment of the trial court granting the motion to suppress is erroneous and is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CASE REMANDED.