493 So.2d 725 (1986)
STATE of Louisiana, Appellee,
v.
Joseph A. CANTANESE, Jr., Appellant.
No. 18079-KW.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
Rehearing Denied September 18, 1986.
Jack & Hudsmith by Wellborn Jack, Jr., Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Paul J. Carmouche, Dist. Atty., Powell A. Layton, Jr., Asst. Dist. Atty., Shreveport, for appellee.
*726 Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
The defendant, Joseph A. Cantanese, Jr., was charged by bill of information with possession of cocaine in violation of LSA-R.S. 40:967(C) and distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Defendant filed a motion to suppress all inculpatory statements and tangible evidence obtained following his warrantless arrest and the warrantless search of his home. After a hearing, the trial judge denied defendant's motion to suppress. Defendant's application for a supervisory writ was granted to review the correctness of the denial of his motion to suppress.
The issues on appeal are:
(1) Did the trial court err in finding the warrantless entry into defendant's home to be illegal; and
(2) Did the trial court err in finding the consent to search given by defendant and Ms. Thompson was free and voluntary thereby removing the taint from the illegal entry?

Background Facts
On April 25, 1985, Tony Richard was arrested by Shreveport Police Officers Mark McCaulley, Larry Simon and Kevin Jeter for selling cocaine to an undercover narcotics agent. Richard informed these officers the cocaine was purchased from defendant. Prior to arresting Richard, Officers McCaulley and Simon observed him drive to the Blue Ridge Mobile Home Park and enter and leave defendant's mobile home. Richard unknowingly purchased the cocaine from defendant in part with marked money.
Based upon this information, Officers Miller, McCaulley and Jeter set up surveillance of defendant's home about 10:30 p.m. Officer Floyd was dispatched to obtain a warrant to search defendant's mobile home.
Officer Miller testified that while they awaited Floyd's return with the search warrant, he observed two vehicles drive up to defendant's mobile home at different times. An occupant from each automobile was observed entering and leaving defendant's home. Miller testified he decided to secure defendant's home to preserve the evidence until Floyd arrived with a search warrant.
The officers approached defendant's home, knocked on the door and defendant answered. Miller identified himself and the other officers and informed defendant they were conducting a narcotics investigation and believed defendant was in possession of cocaine. Miller informed defendant they believed he previously sold a quarter of an ounce of cocaine to Richard for which they were going to arrest him. Defendant invited the officers in. Upon the request of Officer Miller, defendant orally consented to a search of the mobile home. Because the mobile home was owned by Ms. Thompson, with whom defendant resided, the officers requested and obtained her written consent to search.[1] Officer Miller then advised defendant and Ms. Thompson of their Miranda rights. Miller asked defendant if he had any drugs and defendant responded affirmatively and requested Officer Miller to follow him to the bedroom. Defendant produced a small vial of cocaine for Officer Miller who also observed a roll of money on the dresser. Miller seized the money and the cocaine. Defendant was then placed under arrest and again advised of his Miranda rights. Defendant a short time later produced approximately one ounce of cocaine from a duffle bag located in a closet which was also seized.
Defendant informed the officers that $600.00 of the cash seized was obtained from the sale of cocaine to Richard. Defendant stated he was selling drugs to get money to take his family on a vacation and he purchased the cocaine from his supplier, *727 Luke Samuels. The cocaine, cash and these statements are the subject of defendant's motion to suppress.
Defendant testified that when the officers knocked on his door, he opened it and one of the officers informed him they were there to arrest him. One of the officers had his hand on his gun. Defendant did not say the officers forced their way into his home nor that he was otherwise subjected to any pressure by the officers for the purpose of gaining entry into his home. Defendant testified he let the officers in and they requested permission to search the mobile home. Defendant further testified the officers threatened to tear the mobile home apart if he refused to give them permission to search it. Defendant testified he retrieved the cocaine to keep the officers from tearing up his mobile home.
Ms. Thompson testified she was in bed when the officers entered her home. The officers requested her to dress and come into the living room and informed her they were there to arrest defendant. She informed the officers the mobile home belonged to her. Ms. Thompson further testified the officers threatened to tear the mobile home apart if she refused to give them permission to search it. Ms. Thompson admitted signing a consent to search form, but testified it was not read to her and she did not read it.
The trial judge denied the motion to suppress though he found the warrantless entry into defendant's mobile home to be illegal. The trial judge denied the motion to suppress because he found subsequent consent to search given by the defendant and Ms. Thompson was free and voluntary which effectively removed the taint from the illegal entry.

Issue No. 1Entry Into Defendant Home
The trial judge found the officers had sufficient probable cause, based upon the information they obtained from Richard and their surveillance of defendant's mobile home, to obtain a warrant for defendant's arrest and a warrant to search his home. The trial judge, however, determined there were no exigent circumstances which would justify a warrantless entry into defendant's home. We find the entry into defendant's home to be legal because it was based upon consent.
LSA-C.Cr.P. art. 213 provides in pertinent part:
"A peace officer may, without a warrant, arrest a person when:
* * * * * *
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;"

* * * * * *
Under article 213, probable cause for a warrantless arrest exists when the facts and circumstances known to the officer and of which he has reasonable and trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Arceneaux, 425 So.2d 740 (La.1983); State v. Davis, 359 So.2d 986 (La.1978).
Absent exigent circumstances, the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution of 1974 prohibit the police from making a warrantless or non-consensual entry into a suspect's home to make a routine felony arrest even if probable cause to arrest exists. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); State v. Johnson, 407 So.2d 673 (La.1981); State v. Westfall, 446 So.2d 1292 (La.App. 2d Cir.1984), writ den., 450 So.2d 957 (La.1984). A consensual entry into the home of a suspect to effect a warrantless arrest based upon probable cause is permissible within the guidelines of LSA-C.Cr.P. art. 213. Payton v. New York, supra; Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); State v. Fuller, 446 So.2d 799 (La. App. 2d Cir.1984), writ den., 447 So.2d 1079 (La.1984). See State v. Owens, 480 So.2d *728 826 (La.App. 2d Cir.1985), writ den., 486 So.2d 748 (La.1986).[2]
In the instant case, the officers had probable cause to arrest defendant without a warrant based upon the information obtained from Richard and their surveillance of defendant's home. The officers observed Richard entering and leaving defendant's home shortly before Richard's arrest for selling cocaine. Richard informed these officers he purchased the cocaine from defendant. This information was sufficient to justify a man of ordinary caution in believing defendant had committed a crime. State v. Arceneaux, supra.
The record fully establishes defendant consented to the officers entry into his home to arrest him. The officers testified they were invited into defendant's home and he admitted extending the invitation. Defendant testified as follows:
Q. "And when they told you they were police and were there to arrest you what did they do?
A. They come into the house.
Q. Did you invite them in?
A. Well, they was there more or less, you know, I guess so. They were there to arrest me, you know, I just asked them, you know, to come in."
There is not a shred of evidence that the defendant extended the invitation to the officers to enter his home because of any threat, harassment or pressure from the officers. Though the defendant was advised the officers contemplated arresting him there was no formal arrest made until the defendant had shown drugs to the officers in the trailer.
Because the officers had defendant's consent to enter his home the trial judge was in error in concluding the officer's entry into defendant's home was illegal. LSA-C. Cr.P. art. 213; Payton v. New York, supra; State v. Fuller, supra. There was no illegality in connection with the entry which could have supported the motion to suppress.

Issue No. 2Warrantless Search of Defendant's Home
Defendant contends the trial court erred in denying his motion to suppress all evidence seized pursuant to the warrantless search of his home.
A search conducted without a warrant based upon probable cause is presumed unreasonable unless it is justified by one of the narrowly drawn and well delineated exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hernandez, 410 So.2d 1381 (La.1982). Once a defendant shows a warrantless search occurred, the state bears the burden of affirmatively showing the search is justified by one of the well delineated exceptions. State v. Franklin, 353 So.2d 1315 (La.1978); State v. Summers, 440 So.2d 911 (La.App. 2d Cir.1983).
One of the narrowly drawn and well delineated exceptions to the warrant requirement is a search conducted pursuant to consent. When the state attempts to rely upon consent to justify the lawfulness of a search, it bears the burden of proving by clear and convincing evidence the consent was given freely and voluntarily. State v. Wolfe, 398 So.2d 1117 (La. 1981); State v. Owens, 480 So.2d 826 (La. App. 2d Cir.1985), writ den., 486 So.2d 748 (La.1986). Voluntariness is a question of fact to be determined by the trial judge under the facts and circumstances of each case. These factual determinations are entitled to great weight on appellate review. State v. Edwards, 434 So.2d 395 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
In the instant case, the trial judge found the consent of defendant and Ms. Thompson *729 to the warrantless search of their home was free and voluntary and not the product of threats. The trial judge noted defendant and Ms. Thompson did not attempt to deny entry to the officers, never demanded a warrant and did not request the assistance of an attorney.
We conclude the trial judge was correct in finding the consent given by defendant and Ms. Thompson to the search of their home was free and voluntary under the circumstances.[3] Although defendant and Ms. Thompson both testified they consented to the search of their home because they were threatened that the officers would tear it apart if they refused, the officers testified no threats were made. Defendant and Ms. Thompson both signed consent to search forms. The trial judge's factual determination that the consent was free and voluntary is entitled to great weight and is supported by the record. The trial judge was correct in denying defendant's motion to suppress. Writ recalled.
AFFIRMED.
NOTES
[1] The written consent form signed by Ms. Thompson was the only one the officers had at the scene at the time preceding the search. Another form was obtained which was signed by the defendant after the search.
[2] In Steagald v. United States, supra, the court stated:

"The search at issue here took place in the absence of consent or exigent circumstances. Except in such special situations, we have consistently held that the entry into a home to conduct a search or make an arrest is unreasonable under the Fourth Amendment unless done pursuant to a warrant. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 689 (1980)." (emphasis added)
[3] If there had been an illegal entry here as found by the trial judge we agree with the trial judge's determination that the consents to search given by the defendant and Ms. Thompson were free and voluntary and were not the exploitation of any illegal conduct and for this reason the motion to suppress was properly denied. State v. Henry, 440 So.2d 872 (La.App. 2d Cir.1983).