GUIDRY, Judge.
This is a suit for damages allegedly resulting from wrongful arrest.
The plaintiff devolutively appealed on November 19, 1984, from a judgment rendered on November 14 and signed on November 19, 1984, which granted defendant’s motion for a summary judgment and dismissed his suit.
On December 20, 1984, the court dismissed plaintiff’s appeal on motion of the court reporter filed under La.C.C.P. art. 2126 because of his failure to pay the estimated costs.[1] The plaintiff did not apply for a new trial or appeal from this judgment of dismissal. Instead, after his appeal had been dismissed, defendant, on January 15, 1985, filed a motion and order to proceed in forma pauperis, which the judge refused to sign. No affidavit of a third party concerning plaintiff’s financial condition was attached to the motion.
The plaintiff took no action with respect to this ruling, but on May 21, 1985, filed a motion requesting a hearing in regard to the order of December 20, 1984, dismissing his appeal. The motion was granted and at the conclusion of the hearing on August 22, *47 1985, the court rendered a judgment that was signed on August 27, 1985, vacating its prior order and reinstating plaintiffs devolutive appeal with a new return date. The defendants, in brief to this court, seek a dismissal of this appeal, contending that the trial judge erred in reinstating plaintiffs appeal long after the order dismissing same had become final.
Counsel for plaintiff admits that the estimated costs were not paid timely, but contends that the December 20, 1984, order was improper because no hearing was held on the motion. The record reflects otherwise.
According to our calculations, the December 20, 1984 judgment, dismissing plaintiffs appeal, became final on March 5, 1985, by reason of the plaintiffs failure to apply for a new trial, take a devolutive appeal or obtain a supervisory writ. Consequently, the district court was without authority thereafter to reinstate plaintiffs appeal or to grant a new appeal and we, therefore, reverse and vacate its judgment of August 27, 1985, ex proprio motu. Succession of Rolland, 360 So.2d 213 (La.App. 4th Cir.1978); United States Fidelity & G. Co. v. Aetna Cas. & Sur. Co., 290 So.2d 796 (La.App. 3rd Cir.1974).
Plaintiffs counsel also contends that he did not receive any notice of the December 20, 1984, order dismissing the appeal. He admitted receiving the clerk of court’s prior letter informing .him of the amount of the estimated costs for his appeal and that if they were not paid timely a hearing would be held and the appeal dismissed. And the court reporter testified she sent him a copy of the motion and order of dismissal after the latter was signed by the judge.
Be that as it may, no notice of judgment was requested by plaintiff in this case and therefore, no notice of the December 20, 1984, dismissal order was required. It is an appellant’s duty to take the necessary steps to obtain and effect an appeal. Thomas v. Berman, 308 So.2d 797 (La.App. 4th Cir.1970). Certainly it was incumbent upon plaintiff to timely ascertain what disposition was made of the motion to dismiss and take whatever action that was appropriate. Instead, he sat idly by for some five months after the order of dismissal was rendered and now contends he was caused to do so by the refusal of the Judge on January 15, 1985, to permit the plaintiff to proceed in forma pauperis.
The plaintiff’s appeal being dismissed, the judgment signed on November 19, 1984, granting the defendant’s motion for summary judgment and dismissing his suit is final.
For the foregoing reasons, the judgment of the district court signed on August 27, 1985, reinstating the plaintiff’s appeal is reversed, and the appeal from the judgment of November 19, 1984, granting defendant’s motion for summary judgment, is dismissed, all at appellant’s cost.
APPEAL DISMISSED.

. The record reflects that the attorney for plaintiff was timely personally served by certified mail with the estimated cost and a demand for payment. This notice further advised plaintiff’s attorney that the appeal would be dismissed in the event 20 days elapsed without the payment of costs, and the date on which a hearing for dismissal would be held, in the event costs were not paid as demanded.