511 So.2d 8 (1987)
Wade GARNER, Plaintiff-Appellant,
v.
AVOYELLES PARISH SHERIFF'S DEPARTMENT, et al., Defendants-Appellees.
No. 85-999.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Clarence E. Nalls, Jr., Baton Rouge, for plaintiff-appellant.
Paul Boudreaux, Jr., of Stafford, Stewart, Alexandria, for defendants-appellees.
Before GUIDRY, STOKER and DOUCET, JJ.
*9 GUIDRY, Judge.
This is a suit for damages allegedly resulting from wrongful arrest and imprisonment. Defendants answered denying all allegations of plaintiff's petition and urging that (a) the defendants had probable cause to arrest plaintiff; and, (b) as the defendants acted in good faith, they are entitled to qualified immunity.
Defendants filed a motion for summary judgment supported by the following documentation:
A. Affidavit of Deputy Dan Moreau, dated May 23, 1984, which reads in pertinent part as follows:
"1. That he was, in the month of January, 1983, presently and still is a deputy sheriff in the employ of William Belt, Sheriff of Avoyelles Parish;
2. That on January 16, 1983, an armed robbery was reported to him, which robbery occurred in front of Richard's Superette in Simmesport, Louisiana;
3. That the victim of this armed robbery was Ms. Florence Moreau of Simmesport, an employee of Richard's Superette;
4. That on January 22, 1983, he was personally informed by Ms. Florence Moreau that a Mr. Wade Garner entered Richard's Superette that date and entered into a conversation with Ms. Moreau. Ms. Moreau and other witnesses stated that after talking to Wade Garner that she was almost certain that he was the same individual who perpetrated the armed robbery which had occurred on January 16, 1983, as previously mentioned. On the basis of this eye witness [sic] report from Ms. Florence Moreau identifying Wade Garner as the offender, a warrant for the arrest of Wade Garner was issued. Attached hereto is a certified copy of the affidavit and warrant.
In response to said affidavit and warrant, Wade Garner was arrested on January 22, 1983."
B. Affidavit executed by Deputy Moreau dated January 25, 1983, praying for issuance of an arrest warrant for plaintiff, Wade Garner, on the charge of armed robbery (R.S. 14:64).
C. Warrant of arrest issued by Judge James N. Lee of the Twelfth Judicial District Court, dated January 25, 1983, authorizing arrest of plaintiff on the charge of armed robbery.
Plaintiff also filed a motion for summary judgment, supported by his own affidavit, asserting that the evidence shows no genuine issue as to the following material facts: he was arrested without probable cause because the victim, Ms. Florence Moreau, could not positively identify plaintiff as the perpetrator and based on this uncertain information, Deputy Moreau caused an arrest warrant to issue, arrested plaintiff and caused him to be held without cause for four days; and, that plaintiff is entitled to judgment on the question of liability as a matter of law.
The trial court granted the motion for summary judgment filed by defendants concluding that there was no genuine issue concerning the fact that plaintiff was arrested on probable cause and pursuant to a valid warrant and accordingly, defendants were without liability in the matter. The plaintiff's motion for partial summary judgment was denied and plaintiff's suit was dismissed with prejudice at his costs. Plaintiff appealed.
When this matter first came before this court, we ordered plaintiff's appeal dismissed for reasons fully stated in our opinion reported at 497 So.2d 46 (La.App. 3rd Cir.1986). On February 13, 1987, the Louisiana Supreme Court peremptorily reinstated plaintiff's appeal and ordered the matter remanded to this court for consideration of the merits. See Garner v. Avoyelles Parish Sheriff's Dept., 501 So.2d 765 (La.1987).
On appeal, plaintiff urges that the trial court erred when it granted defendants' motion for summary judgment.
Plaintiff, in his suit, names as defendants the Avoyelles Parish Sheriff's Department, Sheriff William Belt, and two unnamed deputies and seeks damages for alleged false arrest and imprisonment.[1]
*10 This is not a suit for malicious prosecution, i.e., proceedings had in pursuance of legal process maliciously and wrongfully obtained, but rather a suit for wrongful arrest and detention. Tillman v. Holsum Bakeries, Inc., 244 So.2d 681 (La.App. 4th Cir.1971), writ denied, 246 So.2d 199 (La. 1971).
It is not disputed that in this case plaintiff was arrested by an Avoyelles Parish Deputy Sheriff and it is obvious that, if the dates in the record are correct (the affidavit of Deputy Moreau states that defendant was arrested on January 22, 1983; and, the arrest warrant is dated January 25, 1983), plaintiff was not arrested pursuant to a valid warrant as none had been issued prior to his arrest. In sum, the evidence does not make clear whether plaintiff was arrested before or after issuance of the arrest warrant and this material issue of fact is not resolved by the record.
If Garner was actually arrested after issuance of the warrant, then summary judgment in favor of the defendants was proper. Conques v. Fuselier, 327 So.2d 180 (La.App. 3rd Cir.1976). If, on the other hand, appellant was arrested before issuance of the arrest warrant, as the record appears to reflect, then the documentation and evidence filed in support of the motion for summary judgment must negate any issue concerning lack of probable cause to arrest under the authority of La.C.Cr.P. art. 213(3). See State v. Cantanese, 493 So.2d 725 (La.App. 2d Cir.1986), and Johnson v. State of Louisiana, Through the Department of Public Safety, the State Police, et al, 451 So.2d 104 (La.App. 3rd Cir.1984), writ denied, 457 So.2d 15 (La. 1984).
Although plaintiff filed no counter affidavit(s), we find that the affidavit of Deputy Moreau does not establish that there are no disputed issues of fact concerning whether plaintiff's arrest was made on probable cause. The affidavit is equivocal as to the victim's identification of Garner as the perpetrator of the crime. Additionally, since plaintiff likewise filed a motion for summary judgment and attached a supporting affidavit and as the two motions were consolidated for trial, we consider the affidavits filed in support of each motion as supporting and opposing affidavits. In Garner's affidavit, he asserts that he was arrested February 23,1983, and in the body of his motion, he states that he was arrested on uncertain information and without investigation, an assertion that the police officer(s) acted without probable cause.
"It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt will be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981)."
Thebner v. Xerox Corp., 480 So.2d 454 (La.App. 3rd Cir.1985), writ denied, 484 So.2d 139 (La.1986).
In this case, defendants have not established that there are no genuine issues of fact and that they are entitled to judgment as a matter of law. Accordingly, the trial *11 court erred when it rendered summary judgment dismissing plaintiff's suit.
For the reasons stated, the judgment of the district court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Although the issue is not raised, the laws of this State afford no legal status to the "Avoyelles Parish Sheriff's Department". The "Avoyelles Parish Sheriff's Department" is not a legal entity capable of suing or being sued. Liberty Mutual Insurance Company v. Grant Parish Sheriff's Department et al, 350 So.2d 236 (La.App. 3rd Cir. 1977), writ refused, 352 So.2d 235 (La.1977).