ON REHEARING

STOKER, Judge.
This case was heard by a five-judge panel and our opinion was handed down on June 2, 1993, from which there were two dissents. Thereafter, we granted a rehearing. After further consideration and again hearing oral arguments, a majority of the panel is now of the opinion that the “Evangeline Parish Sheriffs Department” is not a legal entity which may be sued and stand in judgment. We so hold for the reasons set forth in our opinion in Liberty Mut. Ins. Co. v. Grant Parish, Etc., 350 So.2d 236 (La.App. 3d Cir.), writ refused, 352 So.2d 235 (1977). We reiterated our position in Gamer v. Avoyelles Parish Sheriffs Dept, 511 So.2d 8 (La.App. 3d Cir.1987). The Court of Appeal for the Fourth Circuit followed our view in Jenkins v. Jefferson Parish Sheriff’s Office, 385 So.2d 578 (La.App. 4th Cir.1980), reversed as to other issues, 402 So.2d 669 (La.1981). Because the “Evangeline Parish Sheriffs Department” is not a legal entity, the plaintiffs petition failed to set forth a cause of action against that particular defendant.
FACTS AND PROCEDURAL HISTORY
The majority opinion on original hearing set forth the essential facts and the procedural history of this ease. Therefore, we need only set forth a brief summary here.
This is a suit for personal injury damages sustained by plaintiff caused by the alleged negligence of a person “under the supervision of the Evangeline Parish Police Jury and the Evangeline Parish Sheriffs Department.” Plaintiff dismissed her suit against the Police Jury prior to trial. Plaintiff did not name as a defendant Floyd Soileau, the Sheriff of Evangeline Parish at the time of the incident which plaintiff alleges caused her personal injuries. Although plaintiff named *1320 the DEF Insurance Company as the insurer of the Evangeline Parish Sheriff’s Department, apparently no such insurance ever surfaced. Consequently, this case ultimately involved only one defendant, the Evangeline Parish Sheriffs Department, which as we hold had no legal status.
Prior to trial a peremptory exception of no cause of action was filed on behalf of Evangeline Parish Sheriffs Department. Nevertheless, the case went to trial, and after trial, the trial judge gave judgment in favor of plaintiff reduced by 50% on a finding that plaintiff was herself 50% at fault. However, the ruling of the trial court and its judgment provided “that this Judgment may not be executed either against FLOYD SOILEAU, personally, or against the funds of the EVANGELINE PARISH SHERIFF’S DEPARTMENT under the direction and control of Wayne Morein.”
At the time of trial Wayne Morein had succeeded Floyd Soileau as Sheriff of Evangeline Parish.
The judgment of the trial court was appealed to this court. Before this court counsel for the defendant reurges its peremptory exception of failure to state a cause of action.
OPINION
In our opinion the exception of no cause of action should have been granted by the trial court. For the reason that we find that the sole defendant in this ease, the Evangeline Parish Sheriffs Department, has no legal status, we hold that plaintiff has failed to state a cause of action. LSA-C.C.P. art. 2163.
In all of the arguments addressed to this court the plaintiff has never pointed to any constitutional or statutory provision conferring legal status to sue or be sued on sheriffs departments. Without such, we fail to see how such a functional and organizational agency as a sheriffs department or office can have legal status. The jurisprudence from this court and the fourth circuit are decidedly against such a notion. Liberty Mut. Ins. Co. v. Grant Parish, Etc., supra; Garner v. Avoyelles Parish Sheriffs Dept., supra; and Jenkins v. Jefferson Parish Sheriffs Office, supra.
Presumably, the plaintiff considered that a suit against Sheriff Floyd Soileau would be fruitless. In the absence of an insurer and doubtful liability of the successor sheriff, plaintiff seeks to find some solvent continuum capable of standing in judgment. As we best understand plaintiffs theory, it is that because sheriffs maintain or control funds, the funds give life to a legal entity separate from that of the sheriff and that the entity is the “Sheriffs Department.” Plaintiff therefore urges that such an entity survives vacation of the office of sheriff by one natural person to be succeeded by a different natural person. On the contrary, a sheriffs department is nothing more than a functional organization by and through which a sheriff carries out his official and routine duties.
We have found no Louisiana Supreme Court case which has confronted head on the issue presented in this case. In Jenkins v. Jefferson Parish Sheriffs Office, 402 So.2d 669 (La.1981), the supreme court reversed one holding of the court of appeal, but it did not advert to or reverse the court of appeal’s ruling that the Jefferson Parish Sheriffs Office was not a legal entity capable of being sued. In Jenkins the plaintiff brought suit against several parties, including Sheriff Alwynn J. Cronviek and Jefferson Parish Sheriffs Office. At 385 So.2d at 579 the court of appeal said:
“As to Jefferson Parish Sheriffs Office, it is not a legal entity capable of being sued. It is simply an office operated by the Sheriff of Jefferson Parish whose authority is derived from the constitution. Art. 5, § 27, and Liberty Mut. Ins. Co. v. Grant Parish, etc., 350 So.2d 236 (La.App. 3rd Cir.1977) writs refused 352 So.2d 235.”
The supreme court granted a writ to review the court of appeal ruling which held that the sheriff of a parish was not vicariously liable for the tort of a deputy sheriff committed in the exercise of the functions for which the deputy was employed. The supreme court reversed that holding, but it did not disturb the holding quoted above.
*1321 At oral argument panel members of this court brought to the attention of counsel two cases: Blair v. Tynes, 621 So.2d 591 (La. 1993) and Wagoner v. Dyson, 618 So.2d 432 (La.App. 5th Cir.1993).
Blair v. Tynes was a wrongful death action in which various parties were sued, including the driver of a pick-up truck and “The Washington Parish Sheriffs Department through Sheriff Benny Rayburn” and “its insurer.” Although the opinion indicated initially that the title used was “Department”, in all other references throughout the opinion the word “Office” is substituted. The trial court found several parties at fault including the Washington Parish Sheriffs Office. The court of appeal reversed as to the Washington Parish Sheriffs Office and another defendant. The supreme court reinstated the trial court judgment.
No where in Blair v. Tynes does the supreme court ever advert to the legal issue of whether the Washington Parish Sheriffs Department (or Office) was a juridical person. The issue was not raised in the supreme court', and a reading of the court of appeal opinion shows that the issue was not raised there. Apparently, there was no reason or occasion for a challenge on this point, and two reasons would appear from the face of the opinion. First, the opinion suggests the existence of insurance covering the sheriff and the deputies who were at fault. Second, the suit against the “Department” was brought through the Sheriff, Benny Rayburn.
It would appear to us that the court of appeal and the supreme court were confronted with a case in which the pleadings as made up by the parties did not require them to attach any significance to the Washington Parish Sheriffs Department (or Office) being named as a party. As suggested by counsel for defendant in the case before us, the supreme court merely continued the use of the name and made casual use of the shorthand reference to the department or office, when in fact the true defendant was the Sheriff, Benny Rayburn. This treatment by the supreme court in no way indicates that it considers a sheriffs department or office to be a legal entity, a juridical person, which may be sued and stand in judgment.
Wagoner v. Dyson, supra, came up on appeal on a venue issue. It did not present an issue as to whether or not a sheriffs department was a legal entity. Plaintiffs sued Sheriff Raywood LeMaire and the Vermilion Parish Sheriffs Office for a tort allegedly committed by a Vermilion Parish sheriffs deputy, Walter Dyson. They also sued Dyson. Plaintiffs filed their suit in St. James Parish, the domicile of Dyson and the plaintiffs. The district court in St. James Parish dismissed the suit on an exception of venue. The court of appeal found the ruling correct but transferred the case to Vermilion Parish, the proper venue, rather than letting.the dismissal stand.
In Wagoner the court referred to LSA-R.S. 13:5104(B) governing the venue of suits against political subdivisions of the state or against an officer or employee of a political subdivision arising out of performance of official duties. Then, without any citation of authority, the court of appeal made the following statement: “There is no question that the Vermilion Parish Sheriffs Department is a political subdivision of the state and that LeMaire is an officer thereof.” To begin with, we entirely disagree that a sheriffs department is a political subdivision of the state, for as we indicated earlier in this opinion, no constitutional provision or statute establishes such a department as a legal entity. Therefore, it cannot be a political subdivision of the state. For these reasons we do not subscribe to the statement quoted above from Wagoner v. Dyson.[1]
*1322 DISPOSITION
A majority of the panel in this matter is now of the view that the majority opinion on original hearing rendered on June 2, 1993, is erroneous. The present majority is of the opinion that a sheriffs department or office, as distinct from the sheriff, is not a legal entity which may be sued or stand in judgment. Because the Evangeline Parish Sheriffs Department, the only defendant in this case, is not a juridical person, the plaintiffs suit fails to state a cause of action. We will vacate the judgment of the trial court in its entirety because the trial court did not have a cause of action before it.
The proper disposition of the case at this point has given us some concern. One member of the majority on the main issue is of the opinion that the case should be dismissed outright. The author of this opinion has reservations concerning a remand to allow the plaintiff to amend her petition to assert a cause of action, that is, to bring in other possible defendants.[2] One judge who dissents from our holding on the main issue votes to grant the remand while maintaining his basic position that the plaintiffs petition does set forth a cause of action as indicated by him in a separate dissenting and concurring opinion. Despite reservations, the author of this opinion will join in the order to remand to allow amendment.
DECREE
For the reasons stated above, the judgment of the trial court in its entirety is vacated and set aside. We hereby order that this case be remanded to the trial court for the purpose of permitting plaintiff to amend her petition to join other parties, if she can, for the purpose of curing the failure of her petition to assert a cause of action. The plaintiff shall have forty-five days from the day this judgment becomes final to file her amendment. We assess the costs of this appeal to the plaintiff-appellant.
JUDGMENT OF TRIAL COURT VACATED AND SET ASIDE; CASE REMANDED.
CULPEPPER, J., concurs, except he would not remand.
THIBODEAUX, J., concurs in part and dissents in part and assigns reasons.
COOKS, J., dissents and assigns written reasons.

. In a brief filed following oral argument at the rehearing, counsel for defendant asserts that in Wagoner v. Dyson, supra, Sheriff LeMaire filed an exception of no cause of action in the trial court (St. James Parish) on behalf of the Vermilion Parish Sheriff's Office (as it was originally referred to) on the ground that it was not a legal entity and that the exception of no cause of action was sustained and the suit against it was dismissed. Counsel attached to his brief facsimile copies of the motion and judgment. We doubt that we can take judicial notice of these proceedings. Moreover, the court of appeal may have felt that since the St. James Parish District Court was not a court of proper venue, its action was not valid. While we find the point interesting, we malee no comment thereon.

. The author of this opinion wishes to state that, in agreeing to a remand, he does not wish to imply that such action will in anyway preserve to the plaintiff any rights she may have otherwise lost. No such issues are before us at this time, and I have no reason or basis to prejudge them.