COOKS, Judge,
dissenting.
For the reasons stated in the majority opinion on original hearing, I believe the *1323 “Evangeline Parish Sheriffs Department” is a suable legal entity. See also, 50 Louisiana Law Review 265; 44 Louisiana Law Review 1075. Additionally, the majority on rehearing simply erred in granting defendant’s exception of no cause of action reurged on appeal. Defendant should have filed a dilatory exception as provided by Louisiana Civil Code of Procedure article 926 contesting the legal “status” of the “Evangeline Parish Sheriffs Department.” Though non-existent, as it contends, the “Evangeline Parish Sheriffs Department” filed an answer to the suit and thereby confessed its existence. Thereafter, it continued to act ostensibly as a legal entity electing to conduct full discovery and to make other appearances in the case. On November 19, 1991, just one week prior to trial, “Evangeline Parish Sheriffs Department” filed a peremptory exception on the single ground that the “petition for damages failed to state a claim or a cause of action upon which relief can be granted.” Although the record does not contain a trial court ruling on this exception, it clearly lacked merit on simple examination of the petition. The “Evangeline Parish Sheriffs Department” filed a second peremptory exception on appeal urging in writing for the first time that it was not a legal entity capable of being sued. Use of the peremptory exception to contest the legal status of a party defendant is procedurally improper. As noted in the original opinion, an exception of no cause of action tests the sufficiency in law of the petition. All well pleaded facts must be accepted as truthful and correct. Plaintiff specifically alleged in the original petition that the “Evangeline Parish Sheriffs Department” was a political subdivision of the State of Louisiana. Accepting this allegation as true, and we must, the “Evangeline Parish Sheriffs Department” is a legal entity. See also, Wagoner v. Dyson, 618 So.2d 432 (La. App. 5th Cir.1993). By failing to timely and properly contest its status below, the “Evangeline Parish Sheriffs Department” is barred from factually asserting on appeal by peremptory exception that it does not exist. As noted in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), a defendant should not be permitted to “[engage] in a smokescreen of legalistic maneuvering in order to dodge judicial resolution of the merits of plaintiffs claim.”
Surely, the non-existent “Evangeline Parish Sheriffs Department,” if we accept defendant’s position, did not authorize the filing of pleadings in this ease nor secure the services of an attorney to vigorously defend plaintiffs claims. There is little doubt that the current Sheriff of the Parish of Evangeline had full notice of the pendency of this action; and, through his attorney, he fully litigated the claims raised in the petition. The case was tried on the merits after Floyd Soileau, the predecessor sheriff, was removed from office. Sheriff Morein was elected as his immediate successor. Both sheriffs were represented by the firm of Oats and Hudson which answered the original petition and advanced the case through trial. In Jenkins v. Jefferson Parish Sheriff’s Office, the Louisiana Supreme Court unquestionable recognized that any money judgment against a predecessor sheriff in his official capacity may be recovered from the official funds of a successor sheriff. To dodge the substantive holding in Jenkins, the real defendant has decided to play “hide and seek.” Our procedural rules do not favor such games which are designed merely to thwart the substantive rights of litigants and to cause competent attorneys to experience “prescription” nightmares.
As confessed during oral argument, on remand Sheriff Morein intends to assert the defense of prescription in response to any amended pleadings filed to name him as a party defendant in this action. Thus, I am not in favor of remanding this case without further safeguards to prevent the occurrence of an obvious injustice. First, plaintiff should not be required to cure the petition by amending to assert “a cause of action.” The petition sufficiently states a cause of action. If required to amend the petition, plaintiff should be allowed to name the real party defendant and the trial court should permit the amendment to relate back to the date of filing of the original petition if as articulated in Ray v. Alexandria Mall, 434 So.2d 1083:
(1) The amended claim arises out of the same transaction or occurrence set forth in the original pleading;
*1324 (2) The purported substitute defendant had notice of the institution [here pen-dency] of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant knew or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant is not a wholly new or unrelated defendant.
See also, Sonnier v. Norwood Const. Co., 617 So.2d 580 (La.App. 3rd Cir.1993); Abercrombie v. V.P. Pierret, 532 So.2d 212 (La. App. 3rd Cir., 1988); Stevens v. Charter Crude Oil, 470 So.2d 535 (La.App. 1st Cir., 1985). Furthermore, I believe it is an inexcusable waste of judicial time to try this case anew if plaintiff successfully establishes the “relation back” criteria mentioned in the cited cases. The current sheriff is aware of this pending action and fully litigated this case through trial on the merits. It is patently unfair to require plaintiff to prove her claims again under the circumstances. Thus, I disagree with the majority’s decision on rehearing to remand this case without further instructions. To curtail such future procedural maneuvering, it makes more sense in practice simply to recognize that sheriffs departments are suable legal entities.